ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 MAR 16 PM 2: 52

CLERK _C. Adams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CALIXTE ALCIUS,                         )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        CV 309-015
                                        )
WALT WELLS,                             )
                                        )
            Defendant.                  )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate formerly incarcerated at McRae Correctional Facility in McRae,

Georgia, filed the above-captioned civil rights complaint in the Southern District of Florida.

The Honorable Donald L. Graham, United States District Judge, transferred the case to this

District, (doc. no. 4), and the Clerk of Court sent a notice of transfer to Plaintiff at his address

of record on February 9, 2009, (doc. no. 7). However, Plaintiff's copy of the February 9th

notice has been returned and marked as "undeliverable." (See docket entry dated Feb. 13,

2009). Thus, it is apparent that Plaintiff has failed to inform the Court of a change in

address, making it impossible for the Court to communicate with him. Indeed, Plaintiff's

failure to provide the Court with an address where he can be reached has the effect of

saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to

manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"

Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., ___ F.3d ___, No. 07-11342, 2009 WL 250601, at *4 (11th Cir. Feb. 4, 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rule. Plaintiff has not yet filed a motion to proceed *in forma pauperis* ("IFP") in this action. However, because Plaintiff is conditionally proceeding IFP in another action filed with this Court, see

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Alcius v. Wells, CV 309-011 (S.D. Ga. Jan. 26, 2009),[2] the Court finds that the imposition of monetary sanctions is not a feasible sanction.

Nevertheless, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of March, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).